☒ FILED ☐ LODGED

**Feb 03 2025**

CLERK U.S. DISTRICT COURT
DISTRICT OF ARIZONA

GARY M. RESTAINO
United States Attorney
District of Arizona
MONICA E. RYAN
Assistant U.S. Attorney
United States Courthouse
405 W. Congress Street, Suite 4800
Tucson, Arizona 85701
Telephone: 520-620-7300
Email: monica.ryan@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

United States of America,

    Plaintiff,

vs.

Kenneth Daniel Ochoa,

    Defendant.

CR24-01831-TUC-AMM (MSA)

PLEA AGREEMENT

The United States of America and the defendant agree to the following disposition of this matter:

## PLEA

The defendant agrees to plead guilty to Count One of the Indictment charging the defendant with violations of Title 18, United States Code, Section 554(a), attempted Smuggling Goods from the United States, a felony offense. The defendant also agrees not to contest the Forfeiture Allegation in the Indictment.

## ELEMENTS OF THE OFFENSE

The elements of Smuggling Goods from the United States are that:

(1) The defendant knowingly attempted to export from the United States any merchandise, article, or object;

(2) The exportation of the merchandise, article, or object was contrary to any law or regulation of the United States; and

(3) The defendant knew the exportation of the merchandise, article, or object was contrary to any law or regulation of the United States.

## Maximum Penalties

The defendant understands and agrees that a violation of 18 U.S.C. § 554(a), Smuggling Goods from the United States, is punishable by a maximum fine of $250,000.00 or a maximum term of ten (10) years imprisonment, or both, and a maximum term of three (3) years supervised release.

The defendant further understands and agrees to pay a fine unless the defendant establishes the applicability of the exceptions contained in § 5E1.2(e) of the Sentencing Guidelines. The defendant understands that in accordance with Title 18, United States Code, Section 3013, upon entry of judgment of conviction, there shall be assessed a $100.00 special assessment for each felony count; the special assessment is due and payable at the time the defendant enters the plea of guilty, and must be paid by the time of sentencing unless the defendant is indigent. If the defendant is indigent, the special assessment will be collected according to Title 18, United States Code, Chapters 227 and 229.

The Court is required to consider the Sentencing Guidelines in determining the defendant's sentence. However, the Sentencing Guidelines are advisory, and the Court is free to exercise its discretion to impose any reasonable sentence up to the maximum set by statute for the crime(s) of conviction, unless there are stipulations to the contrary that the Court accepts.

## Immigration Consequences

The defendant recognizes that pleading guilty may have consequences with respect to the defendant's immigration status if the defendant is a recently naturalized United States citizen or is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense(s) to which the defendant is pleading guilty. Although there may be exceptions, the defendant understands that the defendant's guilty plea and conviction for this offense make it practically inevitable and a virtual certainty

that the defendant will be removed or deported from the United States. The defendant agrees that the defendant has discussed this eventuality with their attorney. The defendant nevertheless affirms that the defendant wants to plead guilty regardless of any immigration consequences that this plea entails, even if the consequence is the defendant's automatic removal from the United States.

## AGREEMENTS REGARDING SENTENCE

1. <u>Stipulations regarding sentencing.</u> Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the parties agree that:

   a. Any prison sentence shall not exceed the low-end of the final advisory Sentencing Guidelines Range;

   b. The parties agree that the defendant was an average participant in the offense for the purpose of role analysis under U.S.S.G. §§ 3B1.1 and 3B1.2;

   c. The parties agree that any specific offense characteristics pursuant to U.S.S.G. § 2K2.1 that are not explicitly stipulated to as part of the elements of the offense, in the factual basis, nor elsewhere in this plea, may be contested by either party at sentencing;

   d. The defendant agrees not to seek any other adjustments in Chapters Two, Three or Four of the Sentencing Guidelines or any "departures" from the Sentencing Guidelines. The defendant acknowledges that if the defendant seeks any such adjustment or departure, the government may withdraw from the plea;

   e. Nothing in this agreement precludes the defendant from asking for a variance from the final advisory Sentencing Guidelines Range.

2. <u>Recommendation: Acceptance of Responsibility.</u> Pursuant to Fed. R. Crim. P. 11(c)(1)(B), if the defendant makes full and complete disclosure to the U.S. Probation Office of the circumstances surrounding the defendant's commission of the offense, and if the defendant demonstrates an acceptance of responsibility for this offense up to and including the time of sentencing, the United States will recommend a two-level reduction in the applicable Guidelines sentencing offense level pursuant to U.S.S.G. § 3E1.1(a). If

1  the defendant has an offense level of 16 or more, the United States will move for an
2  additional one-level reduction in the applicable Sentencing Guidelines offense level
3  pursuant to U.S.S.G. § 3E1.1(b).

4      3.    <u>Non-Binding Recommendations</u>. The defendant understands that
5  recommendations under Fed. R. Crim. P. 11(c)(1)(B) are not binding on the Court. The
6  defendant further understands that the defendant will not be permitted to withdraw the
7  guilty plea if the Court does not follow a recommendation.

8      4.    <u>Assets and Financial Responsibility</u>. The defendant shall make a full
9  accounting of all assets in which the defendant has any legal or equitable interest. The
10 defendant shall not (and shall not aid or abet any other party to) sell, hide, waste, spend, or
11 transfer any such assets or property before sentencing, without the prior approval of the
12 United States (provided, however, that no prior approval will be required for routine, day-
13 to-day expenditures). The defendant also expressly authorizes the United States Attorney's
14 Office to immediately obtain a credit report as to the defendant in order to evaluate the
15 defendant's ability to satisfy any financial obligation imposed by the Court. The defendant
16 also shall make full disclosure of all current and projected assets to the U.S. Probation
17 Office immediately and prior to the termination of the defendant's supervised release or
18 probation, such disclosures to be shared with the U.S. Attorney's Office, including the
19 Financial Litigation Program, for any purpose. Finally, the defendant shall participate in
20 the Inmate Financial Responsibility Program to fulfill all financial obligations due and
21 owing under this agreement and the law.

22     5.    The defendant understands that if the defendant violates any of the conditions
23 of the defendant's supervised release, the supervised release may be revoked. Upon such
24 revocation, notwithstanding any other provision of this agreement, the defendant may be
25 required to serve a term of imprisonment or the defendant's sentence may otherwise be
26 altered.

27
28

- 4 -

6. The defendant and the government agree that this agreement does not in any manner restrict the actions of the government in any other district or bind any other United States Attorney's Office.

7. The defendant understands and agrees to cooperate fully with the United States Probation Office in providing (a) all criminal history information, i.e., all criminal convictions as defined under the Sentencing Guidelines; (b) all financial information, i.e., present financial assets or liabilities that relate to the ability of the defendant to pay a fine or restitution; (c) all history of drug abuse which would warrant a treatment condition as part of sentencing; and (d) all history of mental illness or conditions which would warrant a treatment condition as part of sentencing.

8. If the Court, after reviewing this plea agreement, concludes any provision is inappropriate, it may reject the plea agreement pursuant to Rule 11(c)(5), Fed. R. Crim. P., giving the defendant, in accordance with Rule 11(d)(2)(A), Fed. R. Crim. P., an opportunity to withdraw defendant's guilty plea.

### Forfeiture, Civil, and Administrative Proceedings

a. The defendant agrees to forfeit, and hereby forfeits, all interest in any assets that the defendant owns or over which the defendant exercises control, directly or indirectly, as well as or any property involved in including the following property:

1) a 7.62 x 39mm Century Arms Rifle, bearing serial number SV7142310;
2) a 7.62 x 39mm Century Arms Rifle, bearing serial number SV7091903;
3) a 7.62 x 39mm Century Arms Rifle, bearing serial number SV7146978;
4) a 7.62 x 39mm Century Arms Rifle, bearing serial number SV7145136;
5) a 7.62 x 39mm Century Arms Rifle, bearing serial number BFT47009301;
6) a 7.62 x 39mm Century Arms Rifle, bearing serial number SV7099636;
7) a Romarm/ Cugir-WASR-10 7.62 x 39mm Rifle, bearing serial number A1-98933

with miscellaneous parts and equipment.

b. The defendant further agrees to waive all interest in any such assets in any administrative or judicial forfeiture proceeding, whether criminal or civil. The defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The defendant further understands and agrees that forfeiture of the assets is appropriate and in accordance with the applicable forfeiture statutes, 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c). The defendant further acknowledges that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the Court to advise the defendant of this, pursuant to Federal Rule of Criminal Procedure 11(b)(1)(J), at the time the guilty plea is accepted.

c. Forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty this court may impose upon the defendant in addition to forfeiture. This agreement does not preclude the United States from instituting any civil or administrative forfeiture proceedings as may be appropriate now or in the future.

d. The defendant agrees to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, double jeopardy, or any other means) to any forfeiture imposed as a result of this guilty plea or any pending or completed administrative or civil forfeiture actions, including that the forfeiture constitutes an excessive fine or punishment. The defendant agrees to take all steps as requested by the United States to pass clear title to forfeitable assets to the United States, and to testify truthfully in any judicial forfeiture proceeding. The defendant acknowledges that all property covered by this agreement is subject to forfeiture as property involved in illegal conduct and substitute assets for property otherwise subject to forfeiture, and that no other person or entity has a legitimate claim to these items listed.

e. The defendant agrees not to file a claim, and to withdraw any previously filed claims, to any of the listed property in any civil, administrative, or judicial proceeding

which may be initiated. The defendant further agrees not to contest civil, administrative, or judicial forfeiture of the listed property. The defendant agrees to waive any right to notice of any forfeiture proceeding involving this property and agrees not to assist others in filing a claim in any forfeiture proceeding involving this property.

f.  The government reserves its right to proceed against any remaining assets not identified either in this agreement or in any civil actions which are being resolved along with this plea of guilty, including any property in which the defendant has any interest or control, if said assets, real or personal, tangible or intangible are subject to forfeiture.

g.  The defendant hereby waives and agrees to hold the government and its agents and employees harmless from any and all claims whatsoever in connection with the seizure, forfeiture, and disposal of the property described above. Without limitation, the defendant understands and agrees that by virtue of this plea of guilty, the defendant will waive any rights or cause of action that the defendant might otherwise have had to claim that the defendant is a "substantially prevailing party" for the purpose of recovery of attorney fees and other litigation costs in any related civil forfeiture proceeding pursuant to 28 U.S.C. § 2465(b)(1).

h.  Nothing in this agreement shall be construed to protect the defendant from administrative or civil forfeiture proceedings or prohibit the United States from proceeding with and/or initiating an action for civil forfeiture.

## Waiver of Defenses and Appeal Rights

Provided the defendant receives a sentence consistent with this agreement that does not exceed the statutory maximum or any stipulated sentence, the defendant waives (l) any and all motions, defenses, probable cause determinations, and objections that the defendant could assert to the indictment or information; and (2) any right to file an appeal, any collateral attack, and any other writ or motion that challenges the conviction, an order of restitution or forfeiture, the entry of judgment against the defendant, or any aspect of the defendant's sentencing-including the manner in which the sentence is determined, and any sentencing guideline determinations. The defendant further waives: (1) any right to appeal

1    the Court's entry of judgment against defendant; (2) any right to appeal the imposition of
2    sentence upon defendant under Title 18, United States Code, Section 3742 (sentence
3    appeals); (3) any right to appeal the district court's refusal to grant a requested variance;
4    (4) any right to collaterally attack defendant's conviction and sentence under Title 28,
5    United States Code, Section 2255, or any other collateral attack; and (5) any right to file a
6    motion for modification of sentence, including under Title 18, United States Code, Section
7    3582(c) (except for the right to file a compassionate release motion under 18 U.S.C. §
8    3582(c)(1)(A) and to appeal the denial of such a motion). The defendant acknowledges
9    that this waiver shall result in the dismissal of any appeal or collateral attack the defendant
10   might file challenging the defendant's conviction or sentence in this case. If the defendant
11   files a notice of appeal or a habeas petition, notwithstanding this agreement, the defendant
12   agrees that this case shall, upon motion of the government, be remanded to the district court
13   to determine whether the defendant is in breach of this agreement and, if so, to permit the
14   government to withdraw from the plea agreement. This waiver shall not be construed to
15   bar an otherwise-preserved claim of ineffective assistance of counsel or of "prosecutorial
16   misconduct" (as that term is defined by Section II.B of Ariz. Ethics Op. 15-01 (2015)).

                              Reinstitution of Prosecution

18          Nothing in this agreement shall be construed to protect the defendant in any way
19   from prosecution for perjury, false declaration or false statement, or any other offense
20   committed by the defendant after the date of this agreement. In addition, if the defendant
21   commits any criminal offense between the date of this agreement and the date of
22   sentencing, the government will have the right to withdraw from this agreement. Any
23   information, statements, documents and evidence which the defendant provides to the
24   United States pursuant to this agreement may be used against the defendant in all such
25   proceedings.

26          If the defendant's guilty plea is rejected, withdrawn, vacated, or reversed by any
27   court in a later proceeding, the government will be free to prosecute the defendant for all
28   charges as to which it has knowledge, and any charges that were dismissed because of this

plea agreement will be automatically reinstated. In such event, the defendant waives any objections, motions, or defenses based upon the Speedy Trial Act or the Sixth Amendment to the Constitution as to the delay occasioned by the later proceedings. The defendant agrees that the stipulations set forth under "Agreements Regarding Sentence" will not be offered if prosecution is re-instituted.

### Plea Addendum

This written plea agreement, and any written addenda filed as attachments to this plea agreement, contain all the terms and conditions of the plea. Any additional agreements, if any such agreements exist, shall be recorded in a separate document and may be filed with the Court under seal. Accordingly, additional agreements, if any, may not be in the public record.

## WAIVER OF DEFENDANT'S RIGHTS AND FACTUAL BASIS

### Waiver of Rights

I have read each of the provisions of the entire plea agreement with the assistance of counsel and understand its provisions. I have discussed the case and my constitutional and other rights with my attorney. I understand that by entering my plea of guilty I will be giving up my right to plead not guilty; to trial by jury; to confront, cross-examine, and compel the attendance of witnesses; to present evidence in my defense; to remain silent and refuse to be a witness against myself by asserting my privilege against self-incrimination; all with the assistance of counsel; to be presumed innocent until proven guilty beyond a reasonable doubt; and to appeal.

I agree to enter my guilty plea as indicated above on the terms and conditions set forth in this agreement.

I have been advised by my attorney of the nature of the charge to which I am entering my guilty plea. I have been advised by my attorney of the nature and range of the possible sentence, and that I will not be able to withdraw my guilty plea if I am dissatisfied with the sentence the court imposes.

My guilty plea is not the result of force, threats, assurances or promises other than the promises contained in this agreement. I agree to the provisions of this agreement as a voluntary act on my part, rather than at the direction of or because of the recommendation of any other person, and I agree to be bound according to its provisions. I agree that any potential sentence referred to herein or discussed with my attorney is not binding on the Court and is merely an estimate.

I agree that this written plea agreement contains all the terms and conditions of my plea and that promises made by anyone (including my attorney) that are not contained within this written plea agreement are without force and effect and are null and void.

I am satisfied that my defense attorney has represented me in a competent manner.

I am not now on or under the influence of any drug, medication, liquor, or other intoxicant or depressant, which would impair my ability to fully understand the terms and conditions of this plea agreement.

### Factual Basis and Relevant Conduct

I further agree that the following facts accurately describe my conduct in connection with the offense to which I am pleading guilty and that if this matter were to proceed to trial the government could prove the elements of the offense beyond a reasonable doubt, but this is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct:

> On March 11, 2024, in the District of Arizona, the defendant, Kenneth Daniel Ochoa, attempted to exit the United States and enter Mexico through the DeConcini Port of Entry in Nogales, Arizona. Defendant was in a vehicle of which he was the driver with his girlfriend in the front passenger seat. Customs and Border Protection officers referred the defendant to secondary for inspection. A search of the vehicle revealed six (6) Century Arms VSKA 7.62X39 rifles, and one (1) Romarm Cugir-WASR-10-7.62x39 rifle.
>
> After being advised of his *Miranda* rights, the defendant stated that earlier that day, he was instructed via phone by an individual he knew as "Toro" to pick up the firearms from a shrubbed area in a wash near the Frontage Road in Rio Rico, Arizona. After he picked up the rifles, the defendant admitted that he concealed them in the rear bumper of the car. The defendant then picked up his girlfriend from her home in Rio Rico, and under the guise of taking her to dinner and to visit family, he convinced her to travel with him to Mexico. The defendant admitted that he wanted his girlfriend with him while crossing the border to potentially reduce suspicion of wrongdoing.

The defendant also admitted that he knew it was illegal to smuggle firearms into Mexico, and that he believed the weapons would be used by the "Malas" organization for the purposes of violence. Smuggling firearms from the United States without an export license is a prosecutable felony offense.

The firearms that the defendant smuggled and intended to export to Mexico is designated on the United States Commerce Control List as prohibited by law for export from the United States into Mexico without a valid license. Neither the defendant nor any other individual involved in the attempted export of the firearms had a license or any other lawful authority to export them from the United States into Mexico.

I have read this agreement or it has been read to me in Spanish, and I have carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it.

Date: 2-3-25

KENNETH DANIEL OCHOA
Defendant

### DEFENSE ATTORNEY'S APPROVAL

I have discussed this case and the plea agreement with my client in detail and have advised the defendant of all matters within the scope of Rule 11, Fed. R. Crim. P., the constitutional and other rights of an accused, the factual basis for and the nature of the offense to which the guilty plea will be entered, possible defenses, and the consequences of the guilty plea, including the defendant's waiver of the right to appeal. No assurances, promises, or representations have been given to me or to the defendant by the government or by any of its representatives which are not contained in this written agreement. I concur in the entry of the plea as indicated above and on the terms and conditions set forth in this agreement as in the best interests of my client. I agree to make a bona fide effort to ensure the guilty plea is entered in accordance with all the requirements of Rule 11, Fed. R. Crim. P.

Date: 2-3-25

CHARLES LOWELL SPECTOR
Attorney for Defendant

1
2
3                    GOVERNMENT'S APPROVAL
4     I have reviewed this matter and the plea agreement. I agree on behalf of the United
5  States that the terms and conditions set forth are appropriate and are in the best interests of
6  justice.
7
8                                          GARY M. RESTAINO
                                           United States Attorney
9                                          District of Arizona
10
      Date: 2-3-25                         /s/ (signature), for
11                                         ─────────────────────
                                           MONICA E. RYAN
12                                         Assistant U.S. Attorney